**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARWIN JAMES BYRD, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| ERIC SELLERS, Warden, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:10-CV-4051-CAP-RGV |

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, Marwin James Byrd, challenges via 28 U.S.C. § 2254 the constitutionality of his 1990 convictions in Fulton County Superior Court for malice murder and armed robbery. (Doc. No. 1.) Petitioner has paid the filing fee, and the matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").

**I. Rule 4 Review**

Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to prescreen and dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its

face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  See also Day v. McDonough, 547 U.S. 198, 209-10 (2006) ("hold[ing] that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[1]

## II.  Discussion

In his petition, filed on December 6, 2010,[2] Petitioner contests his March 30, 1990, convictions in Fulton County Superior Court for malice murder and armed robbery, for which he received two life sentences.[3]  (Doc. No. 1 at 1.)  On September

---

[1] This Report and Recommendation constitutes fair notice to Petitioner that this petition is deemed untimely.  As indicated in the attached Service Order, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review any such objections de novo.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

[2] The petition is deemed "filed" on the day that Petitioner executed it.  See Houston v. Lack, 487 U.S. 266, 270-76 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] Petitioner's 1990 convictions are based on a Fulton County jury finding him guilty of armed robbery and the April 13, 1989 malice murder of Orlando Dotson. Byrd v. State, 262 Ga. 426, 420 S.E.2d 748 (1992).  Petitioner also was convicted in 1992 of felony murder, based on his pleading guilty to the March 14, 1989 felony murder of Antonio Simpson.  See Petition, Byrd v. Sellers, No. 1:10-CV-4136-CAP-RGV (N.D. Ga. filed Dec. 17, 2010).  Petitioner challenges the 1992 conviction in a separate federal petition.  See id.

2

11, 1992, the Georgia Supreme Court affirmed Petitioner's convictions and sentences, and on October 1, 1992, denied reconsideration.  Byrd v. State, 262 Ga. 426, 420 S.E.2d 748 (1992).  Petitioner states that on June 17, 2008, he filed a state habeas corpus petition in the Baldwin County Superior Court, but the state habeas court denied relief on November 12, 2009, and the Georgia Supreme Court denied further review on November 22, 2010.  (Id. at 2-3.)  Petitioner does not indicate that he sought any additional review between the affirmance of his convictions on direct appeal in 1992, and the filing of his state habeas corpus petition in 2008.  (See id. at 3-4.)

As to the timeliness of his federal petition, Petitioner states that he discovered the factual predicates of his claims through the exercise of due diligence and that constitutional issues should not be subject to a time bar.  (Id. at 8.)  The grounds for relief raised by Petitioner are:  (1) the prosecutor allowed witnesses to give testimony that the state knew was false; (2) the prosecutor placed Petitioner's character into evidence by introducing similar transaction evidence (apparently after failing fully to disclose that evidence to the defense in a timely manner, in violation of Brady[4]) and

---

[4] See Brady v. Maryland, 373 U.S. 83 (1963) (requiring prosecutor to disclose evidence favorable to defendant).  Petitioner's argument -- that Georgia law requires written notice of the intent to present similar transaction evidence be filed ten days prior to trial, and his counsel repeatedly demanded "scientific evidence" related to the similar transaction evidence, but the State withheld exculpatory evidence and did not

3

the court allowed the introduction of similar transaction evidence without a proper hearing; (3) the prosecutor ignored the sequestration order, (4) trial counsel provided ineffective assistance in regard to photographic evidence submitted to the jury; and (5) appellate counsel provided ineffective assistance by failing to appeal (a) the introduction and admission of similar transaction evidence, (b) the prosecutor's failure to provide <u>Brady</u> material until three days after the trial began, (c) trial court error in failing to grant a mistrial, (d) the prosecutor's introduction of perjured testimony and withholding of <u>Brady</u> material, and (e) trial counsel's handling of photographic evidence.  (<u>Id.</u>, Attach. and Br. at unnumbered page 21-22.)[5]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking an underlying state conviction.  Section 2244 of Title 28 states:

---

provide <u>Brady</u> material until three days after the trial began -- is construed to be a claim that the prosecutor failed to fully disclose all of the similar transaction evidence in a timely manner.  (<u>See</u> Doc. No. 1, Attach. at 3-4, 7.)

[5] In his Brief in Support, Petitioner presents his grounds as claims that the state habeas court erred.  (Doc. No. 1, Br.)  However, "an alleged defect in a collateral proceeding does not state a basis for habeas relief."  <u>Quince v. Crosby</u>, 360 F.3d 1259, 1261-62 (11th Cir. 2004).  Thus, the Court considers the grounds listed by Petitioner in the Attachment to his petition and construes his brief as arguing that the state habeas court unreasonably applied federal law.

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling when "extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with diligence" have prevented "an otherwise diligent petitioner from timely filing his petition." Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004).  Lastly, actual innocence may

provide a limited exception to AEDPA's time limitations. <u>See</u> <u>Johnson v. Florida</u> <u>Dep't Of Corr.</u>, 513 F.3d 1328, 1333-36 (11th Cir. 2008) (finding in § 2254 case that the petitioner had not shown actual innocence, thus finding it unnecessary to decide the "difficult constitutional question" of whether there is an actual innocence exception to the federal limitations period in § 2254 actions).  To show actual innocence, a petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," demonstrate that "it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327-28 (1995).

There is no suggestion in the record before the Court that the provisions of subsections 2244(d)(1)(B) or (C) apply.  Petitioner's unexplained contention that he discovered the factual predicates of his claims through the exercise of due diligence is insufficient to warrant application of subsection 2244(d)(1)(D).  Although Petitioner asserts a <u>Brady</u> claim, his grounds for relief indicate that the alleged <u>Brady</u> material was provided to the defense before the end of trial, and Petitioner identifies no <u>Brady</u> material, or factual predicate of any claim, that he discovered after trial.  Generally, when § 2244(d)(1)(B)-(D) do not apply, the limitations period begins to run, under § 2244(d)(1)(A), from the date when the petitioner's convictions became final.  Here,

6

because Petitioner's convictions became final prior to the AEDPA's April 24, 1996, effective date, the limitations period began to run for Petitioner on that date, see Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998), and the one-year limitations period expired on April 24, 1997. See Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003).

Petitioner is not entitled to statutory tolling based on his state habeas corpus petition because it was filed in 2008, after the expiration of the federal limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Further, a review of Petitioner's pleadings reveals nothing that entitles him to additional time due to equitable tolling[6] or the actual innocence exception. Accordingly, because Petitioner filed this federal habeas corpus petition in December 2010, approximately thirteen years after the limitations period expired in 1997, it is untimely and subject to dismissal.

---

[6] Although Petitioner has stated that he discovered the factual predicates of his claims through the exercise of due diligence, he provides no explanation for that statement and identifies no extraordinary circumstance that warrants equitable tolling.

7

### III.  Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v . McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

8

Jimenez v. Quarterman, 555U.S. 113, _, 129 S. Ct. 681, 684 n.3 (2009) (quotations omitted, citing Slack, 529 U.S. at 484).

The undersigned recommends that a COA be denied because, based on the record before the Court, the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### IV.  Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4, and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 16th day of February, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

9